LÓPEZ, DEMANDANTE Y APELANTE, *v.* LIZARDI, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre rescisión de contrato y otros extremos.

No. 1965.—Resuelto en julio 24, 1919.

COMPRAVENTA—ENTREGA DE LA COSA VENDIDA—PRESUNCIÓN.—Otorgada la escritura de compraventa, existe la presunción *juris tantum* de la entrega de la finca vendida. Generalmente la presunción es la realidad. Pero si existe un caso contrario en la realidad, la entrega simbólica reconocida en el artículo 1365 del Código Civil Revisado, no decide finalmente la cuestión.

ID. — RESCISIÓN DEL CONTRATO — ACCIÓN RESCISORIA — COMPRAVENTA DE FINCA ARRENDADA.—Cuando el vendedor de una finca arrendada no se obliga a echar fuera de ella al arrendatario, el hecho de que éste se niegue a desalojar la finca no da por sí solo derecho al comprador para pedir la rescisión del contrato, ya que el comprador, convertido en dueño, tiene, dentro de la ley, los medios que necesita para desahuciarlo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rafael Arce y Manuel Tous Soto.*

Abogado del apelado: *Sr. Francisco González.*

EL JUEZ ASOCIADO SR. DEL TORO emitió la opinión del tribunal.

Esteban López Rosa estableció una demanda pidiendo a la corte que declarara rescindido cierto contrato de compra-

venta que había celebrado con Emilio Lizardi Echevarría, por no haberle entregado éste la posesión material de la finca vendida. Reclamó, además, daños y perjuicios. La demanda fué declarada sin lugar y el demandante interpuso entonces el presente recurso de apelación.

En el acto del juicio en la corte inferior se presentó la escritura contentiva del contrato de compraventa. En ella hay una cláusula que dice: "El comprador, señor López, sin otro acto que este otorgamiento, entrará en posesión de la finca que adquiere por el presente título." El artículo 1365 del Código Civil, dice: "Se entenderá entregada la cosa vendida cuando se ponga en poder y posesión del comprador. Cuando se haga la venta mediante escritura pública, el otorgamiento de ésta equivaldrá a la entrega de la cosa objeto del contrato, si de la misma escritura no resultare o se dedujere lo contrario." En este caso no sólo no resulta ni se deduce lo contrario, sino que, como hemos visto, expresamente se consignó que el comprador entraría en la posesión sin otro acto que el otorgamiento de la escritura.

Eso no obstante, se alegó en la demanda que el vendedor se había obligado a la entrega material de la finca y no había cumplido con su compromiso.

Estamos conformes con el apelante en que, de acuerdo con el artículo 25 de la Ley de Evidencia, habiéndose pactado en el contrato expresamente lo relativo a la entrega, debe entenderse que el contrato contiene todas las condiciones relativas a la misma. Pero no lo estamos en las consecuencias absolutas que deduce de lo dispuesto por el legislador en el precepto del Código Civil que dejamos citado. Otorgada la escritura, existe la presunción *juris tantum* de la entrega. En el orden normal de las cosas, la presunción es la realidad misma. Pero si surje un caso contrario en la realidad, la entrega simbólica reconocida en el segundo párrafo del artículo 1365 del Código Civil, no decide finalmente la cuestión.

Examinemos las circunstancias que concurren en este caso.

Los hechos 4 y 5 de la demanda, expresan:

"4º. Que el demandado Emilio Lizardi Echevarría tenía arrendada la finca anteriormente descrita al señor Ramón Lizardi y Díaz por el término de cuatro años,. comenzados en primero de noviembre de 1916 y que debían terminar el 31 de octubre de 1920, sin que tal contrato se le hubiera dado la modalidad de inscribirlo en el registro de la propiedad, siendo una de las cláusulas de dicho contrato la que se transcribe a continuación.

" '*Cuarta*. Las mejoras que se introdujeran en la finca, quedarán a beneficio del arrendador don Emilio Lizardi Echevarría al terminar el contrato; pero si durante el término de dicho contrato la finca fuere vendida y el nuevo dueño de ella no aceptare este arrendamiento en la forma y con las estipulaciones que aquí constan, entonces el arrendador señor Lizardi Echevarría estará obligado a pagar al arrendatario señor Lizardi Díaz, tales mejoras, y si no hubiere acuerdo, someterán el caso a un árbitro, cuya decisión será obligatoria para ambas partes'.

"5º. Que el demandante adquirió la finca rústica que se describe en el hecho segundo de esta demanda a condición de que se confiriera, desde luego, la posesión civil y material de la misma  *  *  * ; que el vendedor demandado aceptó expresamente esa condición, y se obligó, como parte del contrato, a entenderse, seguidamente, con Ramón Lizardi Díaz, para que dejara el inmueble a la libre disposición y disfrute del comprador demandante, sin pérdida de tiempo; debiendo el dicho vendedor pagar por su cargo y cuenta, al arrendatario, el importe de las mejoras o incrementos que hubiere introducido éste en la finca; y que Lizardi Echevarría desatendió ese compromiso, limitándose a dar un simple aviso al dicho arrendatario acerca de la transferencia del inmueble pero prescindiendo y negándose en absoluto a liquidar y pagar las mejoras existentes y reclamadas por el arrendatario."

La prueba demostró a nuestro juicio que una vez que se otorgó la escritura, el comprador mandó a un hijo suyo a tomar posesión de la finca quien tuvo un disgusto con el arrendatario. El comprador se amedrentó y no hizo más. Fué demandado por el vendedor en reclamación del precio del primer plazo de la venta y condenado en rebeldía. Y entonces fué que inició este pleito.

Parece que en efecto mediaron algunas promesas por parte

del vendedor para facilitar la entrega, pero el hecho de que
el vendedor se obligara a echar fuera él mismo al arrenda-
tario, ni se hizo constar en el contrato, ni se demostró cum-
plidamente por la prueba. El arrendamiento era conocido
por el comprador. La compra verificada convertía en dueño
al adquirente. Este no estaba obligado a respetar el con-
trato de arrendamiento celebrado por el dueño anterior. Si
voluntariamente no se avino el arrendatario a dejar libre la
finca, el comprador pudo compelerlo a ello por medio de los
tribunales de justicia. Las pruebas practicadas no demues-
tran la existencia de una verdadera causa para la rescisión
del contrato.

En apoyo de lo expuesto, citaremos la sentencia del Tri-
bunal Supremo de España de 21 de diciembre de 1905. Uno
de sus considerandos dice:

"Considerando que el fundamento capital de los dos primeros
motivos del recurso consiste en el supuesto de no haber sido entre-
gada al comprador la casa objeto de la escritura de venta de 9 de
octubre de 1893; mas como quiera que no es suficiente para asentir
a esta afirmación el mero hecho de que la casa estuviese habitada
por D. José Linde y hoy por su esposa, con un supuesto derecho de
dominio que no ha sido esclarecido ni juzgado, cuando consta, por
el contrario, que la casa objeto de la venta aparecía en el patrimo-
nio del vendedor y, como tal, se hallaba inscrita en el registro, que
así pudo inscribirla a su nombre el comprador y que éste sabía al
adquirirla que la habitaba D. José Linde, al parecer, por mera to-
lerancia del dueño, es manifiesto que no son de estimar las infrac-
ciones de dichos dos motivos alegados: primero, *  *  * ; segundo,
porque aceptada por Morales dicha venta sabiendo que Linde ha-
bitaba la casa objeto de la misma, consintió las consecuencias de tal
hecho, incluso la de derecho de reivindicarle, en virtud del título
que le transfería su dominio; tercero, porque si D. José Linde, y
luego su mujer, han seguido habitando dicha casa, alegando un in-
justificado hasta ahora título de dueño, no es suficiente este mero
hecho y alegación para desconocer la eficacia y consumación de la
venta de que se trata con todos los derechos anejos a ella, incluso
el de evicción en su caso contra el vendedor y el valor legal que

tiene el otorgamiento de la escritura, a tenor de lo prescrito en el artículo 1462 del Código Civil.''   102 J. C. 917, 925.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.